J. Charles Hepworth (ISB No. 2878)
Kira Dale Pfisterer (ISB No. 6571)
HEPWORTH, JANIS & KLUKSDAL, CHTD
537 W. Bannock Street, Ste. 200
P.O. Box 2582
Boise, Idaho 83701-2582
Telephone: (208) 343-7510
Facsimile: (208) 342-2927

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JANETTE BAKER, DALLAS BAKER, KEITH BAKER, BRYCE BAKER, CAMERON BAKER, NATHAN BAKER and MELISSA BAKER, | Case No. _____ |
| Plaintiffs, | COMPLAINT AND DEMAND FOR JURY TRIAL |
| vs. | |
| INTERMOUNTAIN HEALTH CARE, INC., a Utah corporation, d/b/a CASSIA FAMILY PRACTICE CLINIC, | |
| Defendant. | |

* * * * *

COME NOW, Plaintiffs in the above entitled action, by and through their attorneys, and for causes of action against the above-named Defendant, hereby state and allege as follows:

COMPLAINT AND DEMAND FOR JURY TRIAL - 1

# PARTIES

1. Plaintiff Janette Baker is a resident of the City of Burley, Cassia County, and a citizen of the State of Idaho. She is the surviving spouse of Loren Baker.

2. Plaintiff Dallas Baker is a resident of the City of Burley, Cassia County, and a citizen of the State of Idaho. He is the surviving son of Loren Baker.

3. Plaintiff Keith Baker is a resident of the City of Iona, Bonneville County, and a citizen of the State of Idaho. He is the surviving son of Loren Baker.

4. Plaintiff Bryce Baker is a resident of the City of Pocatello, Bannock County, and a citizen of the State of Idaho. He is the surviving son of Loren Baker.

5. Plaintiff Cameron Baker is a resident of the City of Burley and a citizen of the State of Idaho  He is the surviving son of Loren Baker.

6. Plaintiff Nathan Baker is a resident of the City of Burley and a citizen of the State of Idaho. He is the surviving son of Loren Baker.

7. Plaintiff Melissa Baker is a resident of the City of Burley and a citizen of the State of Idaho. She is the surviving daughter of Loren Baker.

8. On information and belief, Defendant Intermountain Health Care, Inc. is a citizen of the state of Utah.

9. Defendant Intermountain Health Care, Inc. is a Utah corporation with its primary place of business located in Salt Lake City, Utah. Intermountain Health Care, Inc. owns and operates Cassia Family Practice Clinic located in the City of Burley, Cassia County, State of Idaho. Intermountain Health Care, Inc. owned and operated Cassia Family Practice Clinic and employed

physician, Glen E. Page, M.D., along with other health care providers including *inter alia* physicians assistants and nurses at the time of the events involved in this case.

10. The employees and agents of Cassia Family Practice Clinic who were involved in the delivery of medical care services to Loren Baker on January 4, 2013, were all acting in the course and scope of their employment when they assisted with Loren Baker's medical care.

## JURISDICTION AND VENUE

11. Plaintiffs have complied with Idaho Code § 6-1001 *et seq.*, by filing an application for a Prelitigation Screening Panel with the Idaho State Board of Medicine which has returned its Report and Recommendation.

12. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1). The amount in controversy exceeds the sum of $75,000 exclusive of interest and costs, and the Plaintiffs are citizens of a different state than the Defendant.

13. Venue is appropriate in the Eastern Division of this district pursuant to 28 U.S.C. § 1391. A substantial part of the events or omissions giving rise to this action occurred in Cassia, County, Idaho. Defendant is, and at all times relevant hereto was, conducting business in Cassia County, Idaho.

## FACTUAL ALLEGATIONS

14. On January 4, 2013, Loren Baker, a 56 year-old male, developed symptoms including *inter alia* moderately severe back pain that radiated to his chest, along with nausea and vomiting. He also complained of shortness of breath. Those symptoms developed during the early morning hours of January 4 and were present when Mr. Baker got out of bed on the morning of January 4, 2013.

COMPLAINT AND DEMAND FOR JURY TRIAL - 3

15. At approximately 9:15 a.m., Mr. Baker saw his primary care doctor, Glen E. Page, M..D. and other employees and agents of Cassia Family Practice Clinic, for evaluation and treatment.

16. Dr. Page and other medical providers and employees of the Cassia Family Practice Clinic evaluated Mr. Baker and sent him home with the understanding that they would follow up with Mr. Baker after the results of his blood work were available. Unfortunately, Mr. Baker suffered a cardiac arrest shortly after he returned home and he died after lifesaving efforts by paramedics and others were not successful.

17. When Mr. Baker consulted Dr. Page at the Cassia Family Practice Clinic, he presented with potential markers for heart problems. Mr. Baker was overweight, he had a family history of heart health problems, he was suffering from chest pains, and he had high blood pressure.

18. Dr. Page ordered an EKG which was performed on Mr. Baker while he was at the Cassia Family Practice Clinic. The EKG was abnormal. His vital signs were recorded as follows: BP 162/110; HR 82 bpm; RR 18; Oxygen saturation level 94%. Dr. Page ordered blood work including a CBC, CMP, Lipase, Amylase, D-dimer, I Troponin and a CKMB. Mr. Baker was also given an injection of Phenergan for nausea and Toradol for pain. Dr. Page and the other medical care providers at Cassia Family Practice Clinic advised Mr. Baker to go home and rest with a plan for Dr. Page to follow up with Mr. Baker later in the afternoon once he had the results of the blood work.

19. Mr. Baker returned home from Dr. Page's office. While he was at home, he collapsed. Paramedics were summoned to the Baker home. The paramedics arrived at approximately 12:51 p.m. and found Mr. Baker unresponsive with CPR in progress. CPR was started by Mr. Baker's son, Dallas Baker, and was continued by the Quick Response Unit when they arrived on the scene. Mr. Baker was transported via ambulance to Cassia Regional Medical Center. Lifesaving efforts at

the hospital were not successful and Mr. Baker was pronounced dead due to a cardiac arrest at approximately 2:25 p.m.

## COUNT I
## NEGLIGENCE OF INTERMOUNTAIN HEALTH CARE, INC. D/B/A CASSIA FAMILY PRACTICE CLINIC

20. Plaintiffs reallege the allegations contained in all the prior and subsequent paragraphs of this Complaint.

21. Defendant Intermountain Health Care, Inc. d/b/a Cassia Family Practice Clinic was the employer of Glen E. Page, M.D. and the other employees and agents providing medical care to Loren Baker at all times relevant herein.

22. When Loren Baker was treated by Glen E. Page, M.D., and the employees of Cassia Family Practice Clinic on January 4, 2013 as described herein, the health care providers were acting within the course and scope of their employment with Intermountain Health Care, Inc. Accordingly, Defendant Intermountain Health Care, Inc. d/b/a Cassia Family Practice Clinic is vicariously liable for the negligent conduct of Glen E. Page, M.D. and the agents and employees of the Cassia Family Practice Clinic.

23. The medical treatment provided to Loren Baker by Glen E. Page, M.D., and the other employees of the Cassia Family Practice Clinic was negligent, reckless, and grossly negligent and fell below the applicable standard of care owed to the patient by Dr. Page at the time and place in question.

24. The negligence of Glen E. Page, M.D. and other employees of the Cassia Family Practice Clinic was a substantial factor in causing Loren Baker's death.

25. The damages Plaintiffs suffered and will suffer are a direct and proximate result of the Defendant's negligence and other wrongful conduct.

26. As a direct and proximate result of Defendant's negligence, Plaintiffs have sustained both economic and non-economic losses, which include but are not limited to, damages in the form of:

(a) Funeral expenses for the decedent, Loren Baker;

(b) Loss of wages and other benefits of employment which would have been earned by Loren Baker and shared with his wife during the course of his normal work life expectancy; and

(c) The reasonable value attributable to the loss of service, care, comfort, and society of Loren Baker.

27. Loren Baker was a patient of Dr. Page and the Cassia Family Practice Clinic at the time he received the medical care which is the subject of this lawsuit.

### REQUEST FOR ATTORNEYS' FEES

As a result of Defendant's negligence and other wrongful conduct, Plaintiffs have been forced to employ attorneys for the prosecution of this action and Plaintiffs are entitled to recover reasonable costs and attorneys' fees pursuant to Idaho Code §§ 12-120, 12-121, and 12-123, and Rule 54 (d)(1) of the Idaho Rules of Civil Procedure.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for judgment against the Defendant as follows:

(1) For the recovery of all economic and non-economic damages sustained as a direct and proximate result of the negligence of the Defendant, all in a precise amount to be proven at the time and place of trial of this action, but which in any event exceed the jurisdictional limits of $75,000;

(2) For the recovery of all reasonable costs and attorneys' fees pursuant to Idaho law; and

(3) For such other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues in accordance with Rule 38(b) of the Idaho Rules of Civil Procedure.

DATED this  25th  day of November, 2014.

HEPWORTH, JANIS & KLUKSDAL

By  /s/ J. Charles Hepworth
    J. Charles Hepworth
    Attorneys for Plaintiffs

COMPLAINT AND DEMAND FOR JURY TRIAL - 7